J-A27016-15

2016 PA Super 10

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SEAN CULLEN-DOYLE, | |
| Appellant | No. 1711 WDA 2014 |

Appeal from the Judgment of Sentence of August 26, 2014
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0000261-2014, CP-02-CR-0001018-
2014, CP-02-CR-0002489-2014, CP-02-CR-0002529-2014, CP-02-CR-
0003271-2014, CP-02-CR-0004050-2014

BEFORE:  BOWES, OLSON & STABILE, JJ.

OPINION BY OLSON, J.:                           **FILED JANUARY 21, 2016**

Appellant, Sean Cullen-Doyle, appeals from the judgment of sentence entered on August 26, 2014 in the Criminal Division of the Court of Common Pleas of Allegheny County, as made final by the denial of Appellant's post-sentence motion on October 7, 2014.  After careful consideration, we affirm.

Between November 4, 2013 and December 5, 2013, Appellant and another individual burglarized several residences within Allegheny County. Following Appellant's arrest, the Commonwealth filed six separate informations against Appellant.  Each information charged Appellant with burglary, conspiracy, and theft-related offenses.  On August 26, 2014, Appellant pled guilty to five counts of criminal conspiracy to commit

first-degree burglary[1] and one count of first-degree burglary.[2]  Thereafter, counsel for Appellant asked the trial court to consider Appellant's eligibility for sentencing pursuant to the Risk Recidivism Reduction Incentive Act (RRRI), 63 Pa.C.S.A. § 4501, *et seq*.  The court found that Appellant was not eligible for placement in the RRRI program and sentenced Appellant to three to six years' imprisonment, followed by 15 years of probation.[3]  On September 5, 2014, Appellant filed a motion asking the court to reconsider Appellant's eligibility for the RRRI program.  By order entered on October 7, 2014, the trial court denied Appellant's reconsideration request.[4]

_____

[1]  18 Pa.C.S.A. §§ 903(c) and 3502(a)(2), (c)(1).

[2]  18 Pa.C.S.A. § 3502(a)(1), (c)(1).  More specifically, Appellant pled guilty to criminal conspiracy to commit first-degree burglary at docket numbers 261-2014, 1018-2014, 2489-2014, 2529-2014, and 4050-2014.  **See generally**, Orders of Sentence in 261-2014, 1018-2014, 2489-2014, 2529-2014, and 4050-2014, 8/26/14.  Appellant pled guilty to first-degree burglary at docket number 3271-2014.  **See** Order of Sentence in 3271-2014, 8/26/14.  The Commonwealth withdrew all other charges filed against Appellant.

[3]  Appellant received a three- to six-year prison sentence for first-degree burglary.  In addition, Appellant received three years of probation for each count of criminal conspiracy to commit first-degree burglary.  The trial court directed that each probationary sentence must be served consecutive to each other and consecutive to Appellant's term of incarceration.

[4]  In its October 7, 2014 order, the trial court held that Appellant's history of violent behavior precluded his entry into the RRRI program.  In particular, the court declared that its ruling was based in part on our Supreme Court's decision in **Commonwealth v. Chester**, 101 A.3d 56 (Pa. 2014), wherein the Supreme Court concluded that first-degree burglary constituted violent behavior that disqualified an individual from RRRI consideration, and in part

*(Footnote Continued Next Page)*

J-A27016-15

*(Footnote Continued)* _____

on Appellant's prior first-degree burglary conviction. Specifically, the trial court stated, "Based upon ***Chester*** and [Appellant's] prior first-degree burglary conviction, [Appellant's] [p]ost-[s]entence [m]otion [for reconsideration] is [denied]." Trial Court Order, 10/7/14, at 1.

There is some confusion between the parties as to whether the trial court's reference to Appellant's "prior first-degree burglary conviction" referred to Appellant's conviction in the instant case or to a conviction that arose from previous criminal conduct. The court's order does not clarify the basis of this assessment. Appellant's brief asserts that he does not have a prior conviction for first-degree burglary. Appellant's Brief at 11. In its brief, the Commonwealth contends that the trial court possessed a sentencing guidelines form indicating Appellant's commission of a prior first-degree burglary. Commonwealth's Brief at 12. The Commonwealth concedes, however, that its own initial research failed to confirm Appellant's prior conviction for first-degree burglary.

Because of this confusion, the parties filed a joint motion to remand to determine whether the trial court's ruling was based, in part, on inaccurate information concerning Appellant's prior criminal record. That motion was denied without prejudice to Appellant's right to raise the issue in his brief. As stated above, however, Appellant's position on appeal is that he has no prior conviction for first-degree burglary.

To resolve this issue, the Commonwealth suggests that we may affirm Appellant's judgment of sentence if we determine that Appellant's first-degree burglary conviction in the instant case is, itself, sufficient to preclude Appellant's entry into the RRRI program. In the alternative, the Commonwealth requests a remand for further fact finding in the event we conclude that a prior first-degree burglary conviction is necessary to defeat Appellant's entry into the RRRI program.

We have given careful consideration to the status of the record in this appeal and we conclude that the record is sufficient as it stands to resolve the issues surrounding Appellant's qualification for the RRRI program. For the reasons explained below, we are persuaded that Appellant is ineligible to participate in the RRRI program regardless of a prior conviction for first-degree burglary. Hence, we see no grounds to remand this case to the trial court.

- 3 -

Appellant filed a notice of appeal on October 16, 2014. On October 23, 2014, the trial court directed Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant timely filed his concise statement on November 6, 2014, preserving his challenge to the trial court's refusal to declare him eligible for entry into the RRRI program. On November 12, 2014, the trial court issued a memorandum opinion that adopted its October 7, 2014 order as its statement of reasons that support Appellant's disqualification for RRRI participation.

Appellant raises a single issue for our review:

> Whether [Appellant] is eligible for the [RRRI] program [where] he is convicted of a single count of first-degree [b]urglary and has no prior convictions demonstrating a history of present or past violent behavior[?]

Appellant's Brief at 4.

Appellant claims on appeal that his lone conviction for one count of first-degree burglary does not demonstrate "a history of present or past violent behavior" that bars his eligibility under the RRRI Act. "As this issue concerns a matter of statutory interpretation and is, thus, a pure question of law, our standard of review is *de novo* and our scope of review is plenary." **Chester**, 101 A.3d at 60, *citing* **School Dist. of Philadelphia v. Dep't of Educ.**, 92 A.3d 746, 751 (Pa. 2014).

We begin our discussion by quoting at length a portion of our Supreme Court's recent decision in **Chester** that sets forth the legislative purpose behind the RRRI Act as well as the entry requirements for that program.

> By way of background, the RRRI Act "seeks to create a program that ensures appropriate punishment for persons who commit crimes, encourages inmate participation in evidence-based programs that reduce the risks of future crime and ensures the openness and accountability of the criminal justice process while ensuring fairness to crime victims." 61 Pa.C.S.A. § 4502. As part of achieving that aim, the RRRI Act requires the trial court to determine at the time of sentencing whether the defendant is an "eligible offender." 61 Pa.C.S.A. § 4505(a). If the court finds the defendant to be an eligible offender, or if the prosecuting attorney waives the eligibility requirements under Section 4505(b), the trial court must calculate minimum and maximum sentences, and then impose the RRRI minimum sentence, which "shall be equal to three-fourths of the minimum sentence imposed when the minimum sentence is three years or less," or "shall be equal to five-sixths of the minimum sentence if the minimum sentence is greater than three years." **Id.** § 4505(c). Furthermore, if an eligible offender "successfully completes the program plan, maintains a good conduct record and continues to remain an eligible offender," he or she may "be paroled on the RRRI minimum sentence date unless the Board determines that parole would present an unreasonable risk to public safety or that other specified conditions have not been satisfied." 37 Pa.Code § 96.1(b).
>
> Importantly, in order to be eligible for an RRRI minimum sentence, the RRRI Act provides that a defendant must satisfy each of the following requirements, the first of which is presently at issue in the case at bar. Specifically, a defendant must establish that he:
>
> > (1) Does not demonstrate a history of present or past violent behavior.
> >
> > (2) Has not been subject to a sentence the calculation of which includes an enhancement for the use of a deadly weapon as defined under law or the sentencing guidelines promulgated by the Pennsylvania Commission on

Sentencing or the attorney for the Commonwealth has not demonstrated that the defendant has been found guilty of or was convicted of an offense involving a deadly weapon or offense under 18 Pa.C.S. Ch. 61 (relating to firearms and other dangerous articles) or the equivalent offense under the laws of the United States or one of its territories or possessions, another state, the District of Columbia, the Commonwealth of Puerto Rico or a foreign nation.

(3) Has not been found guilty of or previously convicted of or adjudicated delinquent for or an attempt or conspiracy to commit a personal injury crime as defined under section 103 of the act of November 24, 1998 (P.L. 882, No. 111), [18 P.S. § 11.103] known as the Crime Victims Act, except for an offense under 18 Pa.C.S. § 2701 (relating to simple assault) when the offense is a misdemeanor of the third degree, or an equivalent offense under the laws of the United States or one of its territories or possessions, another state, the District of Columbia, the Commonwealth of Puerto Rico or a foreign nation.

(4) Has not been found guilty or previously convicted or adjudicated delinquent for violating any of the following provisions or an equivalent offense under the laws of the United States or one of its territories or possessions, another state, the District of Columbia, the Commonwealth of Puerto Rico or a foreign nation:

18 Pa.C.S. § 4302(a) (relating to incest).

18 Pa.C.S. § 5901 (relating to open lewdness).

18 Pa.C.S. Ch. 76 Subch. C (relating to Internet child pornography).

Received a criminal sentence pursuant to 42 Pa.C.S. § 9712.1 (relating to sentences for certain drug offenses committed with firearms).

Any offense for which registration is required under 42 Pa.C.S. Ch. 97 Subch. H (relating to registration of sexual offenders).

(5) Is not awaiting trial or sentencing for additional criminal charges, if a conviction or sentence on the additional charges would cause the defendant to become ineligible under this definition.

(6) Has not been found guilty or previously convicted of violating section 13(a)(14), (30) or (37) of the act of April 14, 1972 (P.L. 233, No. 64), ... known as The Controlled Substance, Drug, Device and Cosmetic Act, where the sentence was imposed pursuant to 18 Pa.C.S. § 7508(a)(1)(iii), (2)(iii), (3)(iii), (4)(iii), (7)(iii) or (8)(iii) (relating to drug trafficking sentencing and penalties).

61 Pa.C.S.A. § 4503 (emphasis added). Notably, the RRRI Act does not define what constitutes a "history of present or past violent behavior."

*Chester*, 101 A.3d at 57-58.

In *Chester*, our Supreme Court considered the meaning of the phrase "history of present or past violent behavior" within § 4503(1) of the RRRI Act. In that case, the defendant entered an open guilty plea in Lancaster County to three counts of first-degree burglary and related charges following his arrest for a series of burglaries that occurred in Lancaster, Chester, and Delaware Counties. While awaiting sentencing on the Lancaster County charges, the defendant pled guilty and was sentenced in connection with the same burglarious episode in Chester County, where he received a reduced sentence pursuant to the RRRI Act.[5] Thereafter, upon receiving his sentence

_____

[5] It was unclear from the record before the Supreme Court whether the Chester County trial court found the defendant RRRI eligible or whether the Commonwealth waived the RRRI eligibility requirements pursuant to 61 Pa.C.S.A. § 4505. *See Chester*, 101 A.3d at 59 n.2. In addition, although
*(Footnote Continued Next Page)*

- 7 -

on the Lancaster County charges, the defendant requested an RRRI Act minimum sentence based on his contention that his first-degree burglary conviction in Chester County did not constitute a "history of present or past violent behavior" that precluded his entry into the RRRI program under 61 Pa.C.S.A. § 4503(1).

The trial court in Lancaster County denied the defendant's request for a sentence reduction under the RRRI Act and this Court affirmed. On appeal, our Supreme Court first considered whether first-degree burglary constituted "violent behavior" as contemplated by the RRRI Act. In examining this question, the Court recognized the long legal tradition that treated burglary as a crime of violence by its very nature because of the threat posed to citizens when confronted with intrusions into their homes. ***Chester***, 101 A.3d at 64-65. Distinguishing first-degree burglary from second-degree burglary, the Court further noted that, "the case is even stronger for specifically construing the commission of the crime of first-degree burglary as violent behavior under Section 4503(1), given that, unlike second-degree burglary, first-degree burglary is listed as a crime of violence under the recidivist minimum sentencing provision in 42 Pa.C.S.A. § 9714(g), and the crime specifically renders an offender ineligible for

*(Footnote Continued)* ————————————

the defendant asserted that he had only a single first-degree burglary conviction in Chester County, the Supreme Court's review of the Chester County criminal docket sheet revealed that the defendant was convicted of three counts of first-degree burglary. ***See Id***. at 59 n.4.

- 8 -

motivational boot camp pursuant to 61 Pa.C.S.A. § 3903." **Chester**, 101 A.3d at 64. Finally, the distinct treatment accorded first-degree burglary under the Crimes Code added additional support to the Court's conclusion that first-degree burglary qualified as "violent behavior" under § 4503(1). **Id.** at 64-65 ("Moreover, the Crimes Code treats first-degree burglary distinctly from second-degree burglary, as first-degree burglary contemplates the potential for confrontation, whereas second-degree burglary does not."). Based on these considerations, the Court held that, "in light of Pennsylvania's long-standing view of burglary as a violent crime, as well as the fact that first-degree burglary is treated distinctly, and more severely, under Pennsylvania law, we have no hesitancy in concluding a conviction for first-degree burglary constitutes 'violent behavior' under Section 4503(1)." **Id.** at 65.

After reaching this conclusion, the Court turned to the defendant's next contention that he did not engage in a "history" of violent behavior. Ultimately, however, the High Court determined that it did not need to decide whether a single conviction qualified as a "history of violent behavior" under Section 4503(1) since the defendant's multiple first-degree burglary convictions in Chester County were "more than sufficient to form a 'history' of 'violent behavior' under Section 4503(1)." **Id.** Hence, the Supreme Court affirmed the trial court's refusal to recommend the defendant's admission into the RRRI program.

In light of **Chester**, Appellant does not dispute that burglary constitutes a crime of violence under Pennsylvania law. **See** Appellant's Brief at 8 ("There is no question that burglary is deemed to be a crime of violence."). Appellant argues instead that the issue in this case is not whether burglary is a crime of violence but whether a single conviction for burglary constitutes a "history of present or past violent behavior." **Id**. Appellant distinguishes **Chester**, pointing out that the defendant in that case pled guilty to multiple counts of burglary in two separate court proceedings in two separate counties. Thus, in Appellant's view, **Chester** applies only in situations where the defendant's criminal record reveals a past history of violent behavior or where the current case involves multiple convictions for violent conduct. Additionally, in view of the rehabilitative purposes of the RRRI Act, Appellant asserts that the General Assembly never intended a single conviction for burglary to constitute a history of violent behavior. Appellant concludes that the trial court erred in finding him ineligible for the RRRI program because this case involves only a single burglary conviction and he has neither a past history of disqualifying convictions nor a present history of multiple convictions.

> Because the question before us centers on the interpretation of the term "history of present or past violent behavior" within Section 4503(1) of the RRRI Act, we must turn to the Statutory Construction Act. 1 Pa.C.S.A. §§ 1501 *et seq*. As provided by that Act, the objective of all interpretation and construction of statutes is to ascertain and effectuate the intention of the legislature. **Id**. § 1921(a). The best indication of the General Assembly's intent is the plain language of the statute. **Bayada**

- 10 -

> ***Nurses, Inc. v. Com. Dept. Labor and Indus.***, 8 A.3d 866, 880 (Pa. 2010). When considering statutory language, "[w]ords and phrases shall be construed according to rules of grammar and according to their common and approved usage." 1 Pa.C.S.A. § 1903(a). If the words of a statute are clear and unambiguous, we should not look beyond the plain meaning of the statutory language "under the pretext of pursuing its spirit." ***Id***. § 1921(b). Accordingly, only when the words of a statute are ambiguous should a reviewing court seek to ascertain the intent of the General Assembly through consideration of the various factors found in Section 1921(c). ***Id.*** § 1921(c); ***Bayada Nurses***, 8 A.3d at 881.

***Chester***, 101 A.3d at 62-63 (parallel citations omitted).

The issue in this appeal requires us to determine whether a single first-degree burglary conviction constitutes "a history of present or past violent behavior" as that phrase is used in § 4503(1). In such circumstances, the Statutory Construction Act directs us to construe words and phrases according to the rules of grammar and according to their common and approved usage. Citing Merriam-Webster's online dictionary, Appellant defines the word "history" as "an established record."[6] In addition, he defines the word "present" to mean "existing or occurring now."[7] Applying these definitions in the current context, we conclude that § 4503(1) precludes participation in the RRRI program where there is an established

---

[6] ***See*** Appellant's Brief at 10, *citing* http://www.merriam-webster.com/dictionary/history.

[7] ***See*** Appellant's Brief at 10, *citing* http://www.google.com/?gw_rd=ssl#q=define+present.

- 11 -

record of existing violent behavior. We therefore must consider whether the trial court erred in excluding Appellant from the RRRI program under this construction of § 4503(1).

As stated above, questions of statutory interpretation ordinarily involve questions of law. However, the precise question raised by Appellant's RRRI eligibility represents a horse of a different color. In construing the scope of § 4503(1), the **Chester** Court declared that the inclusion of general language regarding "violent behaviors" "reflect[ed] an express choice by the legislature not to write an exclusive list of disqualifying offenses, but, instead, to include Section 4503(1) as a broad, 'catchall' provision designed to encompass an array of behavior not explicitly provided for in Section 4503's other provisions." **Chester**, 101 A.3d at 63. This passage suggests that, while the construction of the RRRI Act involves a question of law, the predicate inquiry surrounding Appellant's admission to the RRRI program under § 4503(1) also implicates an exercise of the trial court's discretion. **See** 61 Pa.C.S.A. § 4505(a) ("At the time of sentencing, the court shall make a determination whether the defendant is an eligible offender."); **see also** 61 Pa.C.S.A. § 4505(c) ("[i]f the court determines that the defendant is an eligible offender"). As there is no doubt in this case that the trial court rejected Appellant's request to participate in the RRRI program based upon an established record of admittedly violent behavior, we perceive no abuse of discretion that entitles Appellant to relief.

Of course, Appellant's quarrel is not that he did not commit a violent act but that he has no "history" or sufficiently established record of violent behavior. In other words, Appellant's claim focuses upon the quantity of disqualifying behaviors that bar his admission to the RRRI program, not their quality. In support of his position, Appellant asserts that, "[i]f the legislature intended to exclude **all** violent behavior offenses, it would have simply said so without using the word[s] 'history' or 'present or past.'" Appellant's Brief at 11 (emphasis added). In our view, this position conflicts with the plain language of § 4503(1). Section 4503(1) does not distinguish between violent behaviors that take place in the past and those that occur in the present; both forms of violent conduct disqualify participation in the RRRI program.[8] Moreover, contrary to Appellant's position, the use of the phrase "present or past" to modify the term "violent behavior" logically (and functionally) equates to "**all** violent behavior" since there can be no other type of violent behavior than that which occurs either in the present or in the past. Thus, so long as the record reliably demonstrates an occurrence of

_____

[8] This observation overcomes Appellant's claim that, "Appellant's current conviction can serve as establishing a history for a future sentencing, should that occur, but a single, first-time conviction can never establish a [present] 'history.'" Appellant's Brief at 12. If a single conviction for first-degree burglary is sufficient to establish a "past" history of violent behavior, it follows that a single conviction for first-degree burglary demonstrates a "present" history of disqualifying conduct. Any other reading defeats the plain import of § 4503(1).

violent behavior, the trial court does not abuse its discretion in rejecting an application to the RRRI program.

The legislature's conscious election to craft an inclusive, catchall provision that withholds RRRI treatment from individuals who have exhibited violent conduct is vividly demonstrated in its use of the word "behavior" rather than more specific terms such as "conviction," "offense," or "crime." At least one jurist on this Court has expressed this view:

> Moreover, I find that the majority's concentration on the definition of "Crime of violence" as it is defined in [42 Pa.C.S.A. § 9714 (commonly referred to as the recidivist statute)] is misplaced. In fact, I do not believe that the [RRRI Act's] reference to a "history of present or past violent behavior" necessarily equates to a prior criminal offense. There are myriad circumstances where violent behavior does not result in a criminal conviction, *e.g.*, a mutual fight where neither party files a criminal complaint, an assault on a family member who refused to cooperate with the criminal investigation, an indicated claim of child abuse that lacked sufficient proof to proceed to trial, or where prosecution of a violent offense is barred by the statute of limitations. **Nothing in the statute reveals an intent to limit the sentencing court's consideration under this subsection to convictions. Instead, the broad statutory language encompasses any violent behavior regardless of criminal liability.** I also note that the recidivist statute is punitive and was designed to impose harsh penalties upon a narrow class of repeat offenders. In contrast, the RRRI program was designed to grant leniency to non-violent offenders who could benefit from a program to reduce their risk of recidivism, and who do not pose a risk to the public upon their early release from prison.

***Commonwealth v. Gonzalez***, 10 A.3d 1260, 1266 (Pa. Super. 2010) (Bowes, J., dissenting) (emphasis added). We see no reason to read limitations into § 4503(1) that conflict with the legislature's clear intent to

- 14 -

broadly define barriers that deny a violent offender's entry into the RRRI program.

The legislature's use of general terms to describe the disqualifying conduct set forth in § 4503(1) persuades us that a single conviction for first-degree burglary, an admittedly violent act under long-standing Pennsylvania law, is sufficient to establish a present history of violent behavior.  Hence, we conclude that the trial court did not error in denying Appellant's request for sentencing under the RRRI Act.[9]

Judgment of sentence affirmed.


Judgment Entered.

_____

[9] The Commonwealth invites us to affirm the trial court based upon the definition of a "crime of violence" set forth in 42 Pa.C.S.A. § 9714.  Section 9714 defines first-degree burglary (overnight accommodation/person present), codified at 18 Pa.C.S.A. § 3502(a)(1), as a crime of violence.  It further provides that criminal conspiracy to commit a § 3502(a)(1) burglary shall also constitute a crime of violence.  Based upon this provision, the Commonwealth argues that Appellant's guilty pleas to criminal conspiracy support the trial court's refusal to accept Appellant's request for RRRI consideration.  This contention is unavailing.  Our review of the record confirms that Appellant pled guilty to five counts of criminal conspiracy to commit burglary (overnight accommodation/person **not** present), which is codified at 18 Pa.C.S.A. § 3502(a)(2).  Since this version of criminal conspiracy is not included within § 9714, it does not support the trial court's determination.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/21/2016