J-A12009-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ERIC KRASSNOSKY, | |
| Appellant | No. 2873 EDA 2015 |

Appeal from the Judgment of Sentence Entered August 20, 2015
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0005332-2006

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ERIC KRASSNOSKY, | |
| Appellant | No. 2874 EDA 2015 |

Appeal from the Judgment of Sentence Entered August 20, 2015
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0007673-2012

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ERIC KRASSNOSKY, | |
| Appellant | No. 2875 EDA 2015 |

Appeal from the Judgment of Sentence Entered August 20, 2015

In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0007676-2012

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ERIC KRASSNOSKY, | |
| Appellant | No. 2876 EDA 2015 |

Appeal from the Judgment of Sentence Entered August 20, 2015
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0007680-2012

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ERIC KRASSNOSKY, | |
| Appellant | No. 2878 EDA 2015 |

Appeal from the Judgment of Sentence Entered August 20, 2015
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0005312-2006

BEFORE: BENDER, P.J.E., PANELLA, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.:               **FILED JULY 14, 2016**

---

[*] Former Justice specially assigned to the Superior Court.

Appellant, Eric Krassnosky, appeals from the judgments of sentence imposed in five separate cases, after his terms of probation in each case were revoked based on his pleading guilty to burglary in a new prosecution.[1] On appeal, Appellant contends that the court erred in deeming him ineligible to participate in the Recidivism Risk Reduction Incentive (RRRI) Act, 61 Pa.C.S.A. §§ 4501-4512. We affirm.

The trial court summarized the pertinent procedural history of Appellant's case as follows:

> On March 31, 2015, Appellant entered into a negotiated guilty plea in front of the Honorable James Bradley on docket #263-2015. Appellant pled guilty to Count 1: Burglary (F1)[2]; Count 5: Access Device Fraud (F3)[3]; Count 6: Conspiracy to [Commit] Burglary (F1)[4]; and Count 7: Conspiracy to [Commit] Access Device Fraud (F3)[5]. Appellant was sentenced to 18-36 months.
>
> [2] 18 Pa.C.S.A. § 3502(a)(2).
> [3] 18 Pa.C.S.A. § 4106(a)(1)(ii)[.]
> [4] 18 Pa.C.S.A. § 903[.]
> [5] 18 Pa.C.S.A. § 903[.]
>
> The new charges resulted in a request for **Gagnon II**[2] hearings on Appellant's five previous convictions, #5312-2006, 5332-2006, 7673-2012, 7680-2012, and 7676-2012. This [c]ourt conducted the **Gagnon II** hearings on August 20, 2015[,] at which time this [c]ourt heard from counsel for the Commonwealth, counsel for Appellant, and from Samantha Salini from Delaware County Adult Probation and Parole Services.

---

[1] This Court *sua sponte* consolidated Appellant's appeals in each of his five underlying cases by *per curiam* order on October 7, 2015.

[2] *See **Gagnon v. Scarpelli**, 411 U.S. 778 (1973).

This [c]ourt followed the recommendation from Adult Probation and Parole. Appellant was sentenced to an additional 15-30 months[' incarceration] on four of the [cases]; all concurrent with each other but consecutive to [case] #263-2015. Due to Appellant's prior conviction for Burglary graded as an F1, this [c]ourt determined that Appellant was not RRRI eligible.

Appellant filed a timely notice of appeal and [a Pa.R.A.P.] 1925(b) statement of [errors] complained of on appeal.

Trial Court Opinion (TCO), 11/9/15, at 1-2 (citations to the record omitted).

Herein, Appellant presents the same issue as set forth in his Rule 1925(b) statement: "Whether the [t]rial [c]ourt erred when it pronounced that [Appellant] was not eligible for relief under the [RRRI Act], 61 Pa.C.S. [§] 4501, *et seq.* (RRRI)[?]"[3]

Appellant maintains that the trial court erroneously concluded that he was ineligible for the RRRI program because he has a "history of past or present violent behavior" premised on a single conviction of first-degree burglary. **See** Appellant's Brief at 9 (quoting 61 Pa.C.S. § 4503(1) (defining "Eligible Offender" as an individual who "[d]oes not demonstrate a history of present or past violent behavior")). Appellant concedes that his burglary conviction constitutes "violent behavior" under our Supreme Court's decision in **Commonwealth v. Chester**, 101 A.3d 56, 65 (Pa. 2014) (holding that "a

---

[3] We note that Appellant did not file a post-sentence motion asserting this claim. However, this Court has considered issues involving RRRI eligibility as non-waivable questions of law that implicate the legality of sentence. **See, e.g., Commonwealth v. Tobin**, 89 A.3d 663, 669 (Pa. Super. 2014) (construing a court's "failure to impose a[n] RRRI sentence" as a legality of sentence issue) (citations omitted).

conviction for first-degree burglary constitutes 'violent behavior' under section 4503(1)" of the RRRI Act). He stresses, however, that the **Chester** Court explicitly left open the question of whether a *single*, first-degree burglary conviction amounts to a "history" of violent behavior, so as to disqualify Appellant from RRRI eligibility under section 4503(1). **See Chester**, 101 A.3d at 65 (declining to decide whether one first-degree burglary conviction constitutes a "history" of violent behavior, as Chester was actually convicted of three counts of first-degree burglary, which was "more than sufficient to form a 'history' of 'violent behavior' under [s]ection 4503(1)"). Appellant then contends that such a single conviction does not amount to a "history" under the RRRI Act, presenting several arguments in support.

We need not address Appellant's specific claims, as our Court recently decided the precise question left unanswered in **Chester**, and which Appellant argues herein. In **Commonwealth v. Cullen-Doyle**, 133 A.3d 14 (Pa. Super. 2016), we held that "[t]he legislature's use of general terms to describe the disqualifying conduct set forth in § 4503(1) persuades us that a single conviction for first-degree burglary, an admittedly violent act under long-standing Pennsylvania law, is sufficient to establish a present history of violent behavior." **Id.** at 22.[4] In light of **Cullen-Doyle**, we conclude that

_____

[4] We acknowledge that on June 7, 2016, our Supreme Court granted Cullen-Doyle's petition for allowance of appeal on the following issue:

*(Footnote Continued Next Page)*

- 5 -

the trial court did not err by deeming Appellant ineligible for the RRRI program due to his single conviction for first-degree burglary.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/14/2016

*(Footnote Continued)*

> (1) Whether Petitioner is eligible for the RRRI program where he is convicted and being sentenced for a single count of first degree burglary, which he admits is a crime of violence, but where he has no other convictions demonstrating a "history of present or past violent behavior," as that term is used in the RRRI Act?

***Commonwealth v. Cullen-Doyle***, No. 63 WAL 2016 (Pa. filed June 7, 2016) (per curiam). However, until our Supreme Court issues a decision in ***Cullen-Doyle***, this Court's decision remains binding precedent.