J-S13033-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| RYAN COREY SELBY, | : | |
| | : | |
| Appellant | : | No. 1299 WDA 2018 |

Appeal from the Judgment of Sentence Entered August 7, 2018
in the Court of Common Pleas of Venango County
Criminal Division at No(s): CP-61-CR-0000509-2016

BEFORE:    BENDER, P.J.E., OTT, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:            FILED MAY 21, 2019

Ryan Corey Selby (Appellant) appeals from the judgment of sentence imposed following the revocation of his parole and probation. Specifically, Appellant challenges the trial court's determination that he was not eligible for the Recidivism Risk Reduction Incentive (RRRI) Act[1] program. Upon review, we vacate the judgment of sentence and remand for the imposition of an RRRI minimum sentence.

On August 25, 2016, Appellant pleaded guilty in Venango County to one count each of flight to avoid apprehension (listed as "count 1") and criminal mischief (listed as "count 4"). On October 11, 2016, Appellant was sentenced to 24 months' probation. Subsequent to the imposition of this

_____

[1] See generally 61 Pa.C.S. §§ 4501–4512.

* Retired Senior Judge assigned to the Superior Court.

sentence, Appellant was found to be in violation of his probationary terms, and on January 2, 2018, following a Gagnon II[2] hearing, Appellant's probation was revoked. On February 2, 2018, Appellant was re-sentenced to a term of incarceration of not less than 100 days and not more than 24 months less one day, followed by two years' probation.

On May 4, 2018, the Commonwealth filed a petition to revoke Appellant's parole and probation. On May 24, 2018, Appellant proceeded to a Gagnon II hearing, where he stipulated to multiple technical violations.[3] See Order, 5/24/2018. That same day, the trial court revoked Appellant's parole and probation, and on August 7, 2018, Appellant was re-sentenced to one to two years' incarceration at count 1 and ordered to serve out the

_____

[2] Gagnon v. Scarpelli, 411 U.S. 778 (1973).

[3] Specifically, Appellant

> violated the condition not to change his residence without written permission of the parole and probation supervision staff. Second, [Appellant] violated the condition to pay his monthly supervision. Third, [Appellant] was not to use illegal controlled substances or narcotics or dangerous drugs without a valid prescription and he was not [to] possess any drug paraphernalia, and was not [to] associate with persons known to possess or use illegal controlled substances, however, [Appellant] admitted to using crystal methamphetamine and associated with others who were smoking marijuana.

Trial Court Opinion, 10/25/2018, at 1 n.1.

- 2 -

balance of his sentence[4] at count 4. The trial court determined Appellant was not RRRI eligible. N.T., 8/7/2018, at 21.

No post-sentence motions were filed, and on September 6, 2018, Appellant timely filed a notice of appeal.[5] Appellant presents the following question for our review: "Whether the [trial] court erred as a matter of law when the Court did not make [Appellant] eligible for RRRI." Appellant's Brief at 6.[6] We review this claim mindful of the following.

> A challenge to a court's failure to impose an RRRI sentence implicates the legality of the sentence. It is legal error to fail to impose a[n] RRRI minimum on an eligible offender. Thus, as statutory interpretation implicates a question of law, our scope of review is plenary and our standard of review is de novo.

Commonwealth v. Finnecy, 135 A.3d 1028, 1033 (Pa. Super. 2016) (citations and quotation marks omitted). "The RRRI Act permits offenders who exhibit good behavior and who complete rehabilitative programs in prison to be eligible for reduced sentences." Commonwealth v. Hansley, 47 A.3d 1180, 1186 (Pa. 2012). Specifically, the RRRI Act

> is intended to encourage eligible offenders to complete Department of Corrections programs that are designed to reduce recidivism. Eligible offenders may also be able to take advantage of a reduced sentence. ... [E]ligibility is conditioned, in relevant

_____

[4] The trial court found Appellant's maximum expiration date to be October 24, 2019. See Order, 8/7/2018.

[5] Both Appellant and the trial court complied with Pa.R.A.P. 1925.

[6] The Commonwealth did not file a brief.

> part, upon the absence of a "history of present or past violent behavior," although the [RRRI] Act does not define that phrase.

*Commonwealth v. Cullen-Doyle*, 164 A.3d 1239, 1240 (Pa. 2017) (citations omitted). See also 61 Pa.C.S. § 4503.

In this case, the trial court found Appellant RRRI ineligible based solely on a prior conviction for resisting arrest.[7] See Trial Court Opinion, 10/25/2018, at 3 ("[A] conviction for resisting arrest [is considered a crime of] 'violent behavior' for purposes of rendering [Appellant] ineligible under the RRRI [Act].") (citation omitted). While Appellant acknowledges that his resisting arrest conviction constitutes a crime of violence for purposes of determining RRRI eligibility,[8] Appellant argues that this single conviction is inadequate to constitute a "history" pursuant to our Supreme Court's holding in *Cullen-Doyle*. Appellant's Brief at 13-14 ("This is the only conviction that would preclude [Appellant] from eligibility for the program. It is Appellant's position that one conviction for an offense does not a history make."). Thus, the only issue before this Court is whether one prior conviction for resisting arrest, a non-enumerated crime of violence, without

_____

[7] According to Appellant, he was convicted of resisting arrest in 2015. Appellant's Brief at 13.

[8] Indeed, this Court has previously determined that resisting arrest is a crime of violence within the meaning of the RRRI statute. *Finnecy*, 135 A.3d at 1034-37.

a present crime of violence,[9] constitutes a "history of present or past violent behavior." For the reasons that follow, we conclude it does not.

In Cullen-Doyle, the defendant pleaded guilty to several counts of criminal conspiracy and one count of burglary. At sentencing, the trial court found Cullen-Doyle ineligible for RRRI. Cullen-Doyle, 164 A.3d at 1241. Cullen-Doyle filed a post-sentence motion asking the court to reconsider his RRRI eligibility. The court denied the motion, stating that Cullen-Doyle was ineligible based upon his conviction of burglary, a crime of violence, although "it was unclear whether the court was referring to the present offense or another, earlier offense." Id.

On appeal, the parties agreed that the record did not include a prior burglary conviction, and consequently filed a joint motion to remand for the lower court to clarify the basis for finding Cullen-Doyle ineligible for RRRI. This Court denied that motion, concluding that remand for clarification was unnecessary because Cullen-Doyle was ineligible for RRRI based on his present burglary conviction. Id. (citing Commonwealth v. Cullen-Doyle, 133 A.3d 14, 16 n.4, 22 (Pa. Super. 2016)).

Our Supreme Court granted further review to consider whether Cullen-Doyle could be found ineligible for RRRI based solely on his present

_____

[9] Neither at sentencing nor on appeal has Appellant, the Commonwealth or the trial court asserted that the crimes Appellant was resentenced on, criminal mischief and flight to avoid apprehension, constitute crimes of violence under the RRRI Act.

- 5 -

conviction for a crime of violence. Upon review, our Supreme Court found that the reference in the RRRI Act "to a 'history of present or past violent behavior,' ... to be materially ambiguous, thereby implicating recourse to the rules of statutory construction." Cullen-Doyle, 164 A.3d at 1242 (citation and footnote omitted). Ultimately, the Court determined that the RRRI Act's "underlying purpose and rationale, examined in the context of the relevant legislative history, demonstrate that the General Assembly did not intend to preclude eligibility" for defendants like Cullen-Doyle, and set forth the following reasons. Id.

> First, the stated purpose of the [RRRI] Act, which was enacted as part of a broader initiative to reform the penal system, is to "encourage eligible offenders ... to participate in ... programs ... that reduce the likelihood of recidivism." 61 Pa.C.S. § 4504(b). Although the enactment does not contain any language expressly relating to first-time offenders or penalizing recidivism as such, a commonly accepted corollary to the [RRRI] Act's express purpose of reducing recidivism is that first-time offenders are usually more amenable to reform than inmates who have persisted in criminal conduct. ...
>
> Against this backdrop, use of the word "history" assumes greater significance because it evidences an intent to render ineligible individuals with "an established record or pattern" of violent behavior. WEBSTER'S NEW COLLEGE DICTIONARY 537 (3d ed. 2008) (defining "history" as "an established record or pattern"). Indeed, we believe this understanding engenders the most cogent and natural interpretation of the statute, since it permits a sentencing court to assess whether an offender has an established record or pattern of past or present violent behavior. As such, it can be fairly inferred that, in aiming to reduce recidivism, the Legislature sought to offer greater reform opportunities for first-time offenders than for repeat offenders.
>
> Further, [a narrower reading of the RRRI Act] results in imposing eligibility requirements that are so stringent that a

large number of individuals who could potentially reform through participation in RRRI programming will be prevented from participating, given that a single instance of "violence," broadly construed, would be disqualifying. If that had been the General Assembly's objective, it could have articulated such intent with a definition of "eligible offender" that expressly precluded any instance of a conviction for a violent crime. As has been noted by the Commission, as well as the Secretary of Corrections, eligibility criteria under the [RRRI] Act are already quite strict, to the point that the RRRI program's potential utility is demonstrably diminished.

* * *

Lastly, to the extent doubt remains concerning the proper interpretation of the language, the rule of lenity bolsters the conclusion that the single, present conviction for a violent crime does not constitute a history of violent behavior. See 1 Pa.C.S. § 1928(b)(1) (indicating that penal statutes are to be strictly construed); Commonwealth v. Booth, [ 766 A.2d 843, 846 (Pa. 2001)] ("[W]here ambiguity exists in the language of a penal statute, such language should be interpreted in the light most favorable to the accused."). Although not located in the Crimes Code or the Sentencing Code, the RRRI Act is a statute that has the effect of imposing a sentence; as such, it is subject to the rule of lenity. Thus, any ambiguity surrounding the meaning of the word "history" should be resolved in favor of those seeking admission into the program.

Cullen-Doyle, 164 A.3d at 1242-44 (footnotes omitted; emphasis added).

We are cognizant that the specific holding of Cullen-Doyle – that a single present conviction does not equate to a history of violent behavior – does not govern the outcome in the instant case. Id. at 1244. Unlike Cullen-Doyle, the crime of violence here is not one of the present crimes for which Appellant is being re-sentenced; in this case, it was a single prior conviction for resisting arrest, which, according to the trial court, rendered Appellant ineligible for an RRRI sentence. Nonetheless, this Court is

persuaded by the reasoning in Cullen-Doyle that the language of the RRRI statute is ambiguous; that the word history refers to "an established record of or pattern of past or present violent behavior;" that the "Legislature sought to offer greater reform opportunities for first-time offenders than for repeat offenders;" that construing the statute narrowly would disqualify too many individuals based upon a mere "single instance of violence;" that all crimes of violence should not be per se disqualifying; and that the rule of lenity means the statute should be construed in favor of those seeking admission to the program. Id. at 1241-44. In light of these considerations, we conclude that when the current crime a defendant is being sentenced on is not a crime of violence and the defendant has only a single prior conviction for a non-enumerated crime of violence, that single prior conviction does not constitute a history of past violent behavior and should not, by itself, disqualify a defendant from participating in the RRRI program.

Applying the foregoing to this case, we conclude the trial court erred in finding Appellant RRRI ineligible based solely upon a single prior conviction for resisting arrest. Such a finding does not comport with the purpose and spirit of the RRRI Act, as interpreted by our Supreme Court in Cullen-Doyle. As such, we vacate Appellant's judgment of sentence and remand for the trial court to impose an RRRI minimum sentence.

Judgment of sentence vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/21/2019