J-S21019-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
ARCHIE DOMINIC CICCANTI :
:
Appellant : No. 1459 MDA 2021

Appeal from the PCRA Order Entered October 21, 2021,
n the Court of Common Pleas of Schuylkill County,
Criminal Division at No(s):  CP-54-CR-0000889-2019.

BEFORE:   DUBOW, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY KUNSELMAN, J.:          **FILED AUGUST 09, 2022**

Archie Dominic Ciccanti appeals from the order denying his first petition filed under the Post Conviction Relief Act ("PCRA").  42 Pa.C.S.A. §§ 9541-9546.  Ciccanti claims that the PCRA court committed an error of law when it determined that he is ineligible for a reduced sentence pursuant to the Recidivism Risk Reduction Incentive ("RRRI") Act.  61 Pa.C.S.A. §§ 4501-4512.   We vacate Ciccanti's judgment of sentence and remand for resentencing.

On February 11, 2020, a jury convicted Ciccanti of burglary, conspiracy, and related charges after he and two other men entered an unoccupied home in Pottsville and removed items from inside.  Important to this appeal, Ciccanti was convicted of burglary under Section 6502(a)(2), graded as a felony of the

_____

[*] Retired Senior Judge assigned to the Superior Court.

first degree. 18 Pa.C.S.A § 3502(c)(1). On March 11, 2020, the trial court imposed an aggregate term of 57 to 180 months of imprisonment. At sentencing, the trial court accepted the Commonwealth's argument that Ciccanti was ineligible for a RRRI sentence. Although Ciccanti filed a timely appeal to this Court, he later discontinued it.

Ciccanti filed a timely, counseled PCRA petition on July 16, 2021. In this petition, Ciccanti averred that his sentence was illegal because the trial court "found he that he was RRRI ineligible based on a single conviction involving a crime of violence." PCRA Petition, 7/16/21, at 4. By order entered October 21, 2021, the PCRA court denied Ciccanti's petition.[1] Ciccanti filed a timely appeal. Both he and the PCRA court have complied with Pa.R.A.P. 1925.

Ciccanti phrases his sole issue on appeal as follows: "Did the PCRA Court err when it denied [Ciccanti's] PCRA petition that sought to correct his illegal sentence?" Ciccanti's Brief at 2. In his supporting argument, Ciccanti reiterates his claim that the trial court erred when it found he was RRRI ineligible based on a single crime of violence.

Our review of the dismissal of a PCRA petition is limited to the examination of "whether the PCRA court's determination is supported by the record and free of legal error." ***Commonwealth v. Miller***, 102 A.3d 988,

---

[1] The Commonwealth asserts that a hearing was held on October 7, 2021. Commonwealth's Brief at 2. Although the certified record indicates several continuances of a video conference hearing, the last of which was scheduled for that date, the certified record does not confirm that a hearing was held.

992 (Pa. Super. 2014) (citation omitted). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *Commonwealth v. Lawson*, 90 A.3d 1, 4 (Pa. Super. 2014) (citation omitted). We review the PCRA court's legal conclusions *de novo*. *Miller*, 102 A.3d at 992.

"The [RRRI] Act is intended to encourage eligible offenders to complete Department of Corrections programs that are designed to reduce recidivism. Eligible offenders may also be able to take advantage of a reduced sentence." *Commonwealth v. Cullen-Doyle*, 164 A.3d 1239, 1240 (Pa. 2017)(citations omitted). The RRRI Act requires the trial court to determine at the time of sentencing whether the defendant is an "eligible offender." 61 Pa.C.S.A. § 4505(a); *see also* 42 Pa.C.S.A. 9756(b.1) (requiring the sentencing court to impose a RRRI minimum sentence if the defendant is eligible). A trial court's failure to provide an eligible defendant with an RRRI minimum sentence is a non-waivable sentencing claim and is reviewable under the PCRA. *Commonwealth v. Finnecy*, 249 A.3d 903, 911-13 (Pa. 2021).

An "eligible offender" is defined under the RRRI Act, in pertinent part, as follows:

> **"Eligible offender."** A defendant or inmate convicted of a criminal offense who will be committed to the custody of the department and who meets all of the following eligibility requirements:
>
> (1) Does not demonstrate a history of present or past violent behavior.
>
> ***

> (3) Has not been found guilty of or previously convicted of or adjudicated delinquent for . . . a crime of violence as defined in 42 Pa.C.S.A. 9714(g)[.]
>
> ***

61 Pa.C.S.A. § 4503(1).[2]

In **Cullen-Doyle**, **supra**, the defendant pled guilty to several counts of conspiracy and one count of burglary. The trial court found him ineligible for an RRRI sentence. On appeal, this Court affirmed, concluding that he was ineligible for the RRRI program based solely on his present conviction for burglary. **Commonwealth v. Cullen-Doyle**, 133 A.2d 14 (Pa. Super. 2016).

Our Supreme Court granted review to determine whether the defendant's single burglary conviction demonstrated a "history" of present or past violent behavior under Section 4503(1). The Court found the pertinent statutory language ambiguous and therefore looked to the rules of statutory construction. **Id.** at 1242. Further, our high court acknowledged that the stated purpose of the RRRI program was to encourage eligible offenders' participation in programs that would reduce the likelihood of recidivism, as well as the "commonly accepted corollary . . . that first-time offenders are usually more amenable to reform than inmates who have persisted in criminal conduct." **Id.** (footnote omitted).

---

[2] An eligible offender also cannot be convicted of certain other enumerated offenses. None of those offenses are involved in the present appeal.

Given these considerations, our Supreme Court interpreted Section 4503(1) as follows:

> [U]se of the word "history" assumes greater significance because it evidences an intent to render ineligible individuals with an "established record or pattern" of violent behavior. Indeed, we believe this understanding engenders the most cogent and natural interpretation of the statute, since it permits a sentencing court to assess whether an offender has an established record or pattern of past or present violent behavior. As such, it can be fairly inferred that, in aiming to reduce recidivism, the Legislature sought to offer greater reform opportunities for first-time offenders than for repeat offenders.

*Id.* at 1243 (citation omitted). Therefore, our high court held that "the single, **present** conviction for a violent crime does not constitute a history of violent behavior. *Id.* at 1244 (emphasis added). As such, Cullen-Doyle was RRRI eligible.

Among the issues raised on direct appeal in **Commonwealth v. Finnecy**, 135 A.3d 1028 (Pa. Super. 2016), *appeal denied*, 159 A.3d 935 (Pa. 2016), was a claim that the trial court erred in finding that Finnecy was ineligible for a RRRI sentence because he had single, **previous** conviction for resisting arrest. Specifically, Finnecy challenged the trial court's classification of resisting arrest as a "violent crime," thereby excluding him from eligibility for an RRRI sentence.[3]

_____

[3] In a footnote, this Court stated that, although the appellant had not challenged whether his sole conviction for resisting arrest was sufficient to establish a history of violence, the panel recognized that this Court had

*(Footnote Continued Next Page)*

In resolving this issue, this Court looked to **_Commonwealth v. Chester_**, 101 A.3d 56 (Pa. 2014), which involved whether a conviction for first-degree burglary demonstrated "violent behavior" as a matter of law. We noted that, in **_Chester_**, our high court construed Section 4503(1) as a broad, "catchall" provision that included "violent behaviors not otherwise identified in the RRRI Act's definition of 'eligible offender.'" **_Chester_**, 101 A.3d at 63.

"In light of the guidance from **_Chester_**," this Court considered "whether a prior conviction for resisting arrest [fell] within the meaning of 'violent behavior' as used in Section 4503(1), rendering an offender ineligible for RRRI." **_Finnecy_**, 135 A.3d at 1034-35. After defining the elements of the crime and discussing cases which acknowledged the alternative bases for liability, as well as pertinent federal decisions, this Court concluded that Finnecy's "prior conviction for resisting arrest demonstrate[d] 'a history of present or past violent behavior' for the purposes determining RRRI eligibility." **_Finnecy_**, 135 A.3d at 1037. We therefore affirmed the trial court's determination that Finnecy was ineligible for a RRRI sentence.

In 2017, Finnecy filed a _pro se_ PCRA petition, in which he asserted that the Pennsylvania Supreme Court's reversal in **_Cullen-Doyle_** rendered him eligible for an RRRI sentence. After a hearing, the PCRA court concluded that

---

recently held that "one instance of misconduct may constitute a 'history' for RRRI purposes." **_Finnecy_**, 135 A.3d at 1033 n.2 (citing **_Commonwealth v. Cullen-Doyle_**, 133 A.3d 14 (Pa. Super. 2016). As discussed **_supra_**, our Supreme Court reversed this Court's **_Cullen-Doyle_** decision.

the **Cullen-Doyle** holding, **see supra**, did not apply to Finnecy's case. Thereafter, Finnecy filed a *pro se* appeal to this Court in which he argued that our high court's holding that a singular, violent, **present** conviction for a crime not listed in the Section 4503(1) should be extended to a singular, **past** violent conviction for a crime not listed in that section.

In finding no merit to this claim, we agreed with the PCRA court's rationale for distinguishing **Cullen-Doyle**, and further agreed with the court's conclusion that Finnecy's prior conviction for resisting arrest demonstrated "a history of present or past behavior" that rendered him ineligible for an RRRI sentence. **Commonwealth v. Finnecy**, 216 A.3d 404 (Pa. Super. 2019) non-precedential decision at *5. In addition, we concluded that the record demonstrated that Finnecy was not the type of "first-time offender" whom the **Cullen Doyle** court identified as potentially eligible for the RRRI program. **Id.** Thus, we affirmed the court's order denying Finnecy post-conviction relief.

Our Supreme Court granted Finnecy's petition for allowance of appeal to determine whether "a single, past conviction for a violate crime constitute a 'history of present or past violent behavior' for purposes" of RRRI eligibility. **Commonwealth v. Finnecy**, 224 A.3d 1260 (Pa. 2020) (*per curiam*). Our high court then reviewed its previous decision in **Cullen-Doyle**, and concluded:

> While the present circumstances are slightly different than those in **Cullen-Doyle** in that [Finnecy's] ineligibility for a sentence under the RRRI Act was based on a single prior conviction for a crime demonstrating violent behavior as opposed to a single present conviction for a crime

> demonstrating violent behavior, we nonetheless find its reasoning determinative. [Finnecy's] criminal history, which reflects several previous convictions, only one of which demonstrates violent behavior, does not render him ineligible for a sentence under the RRRI Act.

*Commonwealth v. Finnecy*, 249 A.3d 903, 915 (Pa. 2021). Thus, the Pennsylvania Supreme Court reversed this Court's decision, and held that "a single prior conviction for a non-enumerated crime demonstrating violent behavior does not qualify as a history of past violent behavior under [] Section 4503 of the RRRI Act." *Id.* at 906. Like Cullen-Doyle, Finnecy was also RRRI eligible.

Summarizing, our Supreme Court's decisions in *Cullen-Doyle* and *Finnecy*, a single present *or* past conviction for a non-enumerated crime of violence does not render a criminal defendant ineligible to receive a RRRI sentence. Here, Ciccanti contends that the circumstances "are identical" to those presented in *Finnecy*.

The PCRA court disagreed. The court explained:

> Ciccanti's case did not involve a single prior conviction for a non-enumerated crime under the [RRRI] Act. He had a prior conviction of resisting arrest and a present conviction of first[-]degree burglary, which has been determined to be a crime demonstrating violent behavior. *Commonwealth v. Chester*, 627 Pa. 429, 101 A.3d 56 (Pa. 2014).
>
> The presence of both a prior and present conviction of non-enumerated crimes demonstrating violent behavior constitutes a history of present or past violent behavior making Ciccanti ineligible for a sentence under the RRRI Act.

PCRA Court Opinion, 10/21/21, at 4-5.

Here, the PCRA court's reliance on **Chester** is misplaced, given the current pertinent versions of the burglary statute and the RRRI Act. Although our high court decided **Chester** in 2014, Chester was convicted under the prior burglary statute, which made no distinction between whether the building was adapted for overnight accommodation or whether a person was present. The prior statute provided that all burglaries were first-degree felonies unless "the building, structure or portion entered is not adapted for overnight accommodation and if no individual is present at the time of entry[.]" **Chester**, 101 A.3d at 58 n.1. In that circumstance, burglary was graded as a second-degree felony.

As our Supreme Court recognized in **Chester**, however, the Pennsylvania Legislature amended the burglary statute in 2012, and provided different subsections based on whether the place burgled was adapted for overnight accommodation and/or whether a person was present. **Id.** The burglary statute now reads as follows:

> **(a) Offense defined.—**A person is guilty of burglary if, with the intent to commit a crime therein, the person:
>
> > (1)(i) enters a building or an occupied structure, or separately secured or occupied portion thereof, that is adapted for overnight accommodations in which at the time of the offense any person is present and the person commits, attempts to commit a bodily injury crime therein;
> >
> > (ii) enters a building or occupied structure, or separately secured or occupied portion thereof that is adapted for overnight accommodations in which at the time of the offense and person is present;

(2) enters a building or occupied structure, or separately secured portion thereof that is adapted for overnight accommodations in which at the time of the offense no person is present;

(3) enters a building or occupied structure, or separately secured or occupied portion thereof that is not adapted for overnight accommodations in which at the time of the offense any person is present; or

(4) enters a building or occupied structure, or separately secured or occupied portion thereof that is not adapted for overnight accommodations in which at the time no person is present.

18 Pa.C.S.A. § 3502(a). Like the prior version, subsections (a)(1) –(a)(3) are graded as first-degree felonies. 18 Pa.C.S.A. § 3502(c)(1).[4]

As noted above, to be eligible for a reduced sentence, the RRRI Act specifically provides that a criminal defendant cannot have a present or past conviction for "a crime of violence" as defined in 42 Pa.C.S.A. section 9714(g). Section 9714(g) lists numerous offenses that are crimes of violence, including burglary under "42 Pa.C.S. § 3502(a)(1)." RRRI eligibility is only denied to persons convicted of burglary when the structure is adapted for overnight accommodation and a person is present.

Here, Ciccanti was charged and convicted of burglary pursuant to Section 3502(a)(2). Although the grading of the offense remains a first-degree felony, entering a building "adapted for overnight accommodations in

---

[4] Unless the perpetrator entered a building to steal drugs, a Section 3502(a)(4) conviction is graded as a second-degree felony. 18 Pa.C.S.A. § 3502(c)(2).

which at the time of the offense no person is present" is not considered a "crime of violence," under Section 9714(g), and, therefore, does not affect an individual's eligibility for a reduced sentence pursuant to the RRRI Act.

Thus, Ciccanti's present burglary crime is not a "crime of violence." He is correct when he asserts that, like *Finnecy*, his single past conviction for a crime of violence does not render him ineligible for a RRRI sentence. We, therefore, vacate his judgment of sentence and remand for resentencing.

Judgment of sentence vacated. Case remanded proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 08/09/2022