J-S90040-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CLIFFORD MARK FOSS, | |
| Appellant | No. 1056 EDA 2016 |

Appeal from the Judgment of Sentence August 28, 2015
In the Court of Common Pleas of Northampton County
Criminal Division at No(s): CP-48-CR-0003900-2014 and
CP-48-CR-0003901-2014

BEFORE:  OTT, J., SOLANO, J. AND JENKINS, J.

MEMORANDUM BY JENKINS, J.:                **FILED DECEMBER 16, 2016**

A jury found Clifford Foss guilty of first degree burglary and numerous related offenses for a series of crimes committed in July 2014.  Foss files this direct appeal from a judgment of sentence of 89-300 months' imprisonment with a Recidivism Risk Reduction Incentive ("RRRI") minimum sentence of 74 months and 5 days.  We conclude that none of Foss's arguments have merit.

Without filing its own notice of appeal, the Commonwealth contends that Foss's RRRI minimum sentence is illegal. Despite the Commonwealth's oversight, we have jurisdiction to review the legality of Foss's sentence *sua sponte*.  We conclude that the trial court abused its discretion in granting a RRRI minimum sentence due to his conviction for first degree burglary.

1

Accordingly, we reverse the imposition of a RRRI sentence but affirm in all other respects.

Foss was charged with stealing two all-terrain vehicles ("ATV's") from a business establishment (Backwoods Outdoor Recreation) and attempting to steal a third ATV from the same establishment on July 11, 2014. The Commonwealth filed bills of information at No. 3900-2014 charging Foss with theft by unlawful taking, receiving stolen property and attempted theft by unlawful taking.[1]

Foss also was charged with burglarizing a pharmacy on July 13, 2014 and stealing prescription medicines. The Commonwealth filed bills of information at No. 3901-2014 charging Foss with second degree burglary, criminal trespass, theft by unlawful taking, receiving stolen property, possession of instruments of crime and criminal mischief.[2]

The trial court granted the Commonwealth's motion to consolidate the charges at both caption numbers for trial. One month before trial, the court granted the Commonwealth's motion to amend the information at No. 3901-

---

[1] 18 Pa.C.S. §§ 3921(a), 3925(a), and 901(a), respectively.

[2] 18 Pa.C.S. §§ 3502(a)(4), 3503(a)(1)(ii), 3921(a), 3925(a), 907(a), and 3304(a)(5), respectively.

2014 to add a count of first degree burglary[3] in addition to the existing count of second degree burglary.

A police detective obtained a search warrant to obtain a DNA sample from Foss via buccal swab. Several days before trial, Foss filed a motion to suppress the buccal swab evidence. The trial court denied this motion prior to jury selection.

Following a three-day trial, a jury found Foss guilty of all charges. The trial court subsequently imposed the aforementioned sentence of imprisonment. Foss filed timely post-sentence motions, which the court denied by operation of law through an order dated March 3, 2016. Foss filed a timely notice of appeal, and both Foss and the trial court complied with Pa.R.A.P. 1925. The Commonwealth did not file a notice of appeal.

Foss raises ten issues in this appeal:

1. Whether the evidence was insufficient to support the convictions on the ground that the evidence was not sufficient to identify Foss as the individual who committed the thefts, attempted theft, burglary and related lesser offenses?

2. Whether the trial court erred in granting joinder of the informations for trial?

3. Whether the trial court erred in granting the request to amend the information to include burglary as a felony of the first degree?

---

[3] 18 Pa.C.S. § 3502(c)(2)(ii).

4. Whether the trial court erred in denying the motion to suppress evidence obtained by search of Foss executed by buccal swab to obtain DNA sample from Foss in that any search warrant was not supported by probable cause?

5. Whether the trial court erred in admitting the text messages in that such text messages were not properly authenticated and such text messages were not sufficiently attributed to Foss so as to overcome the hearsay rule?

6. Whether the trial court erred in admitting evidence of the location of a certain cell telephone with reference to cell towers in that such cell telephone was not sufficiently linked to Foss?

7. Whether the trial court erred in admitting evidence of text messages to the extent that such text messages refer to evidence of other crimes without notice as required by Pa.R.E. 404(b)(3)?

8. Whether the trial court erred in admitting evidence of DNA identification in that the circumstances surrounding collection of the DNA sample undermine the reliability of any DNA identification?

9. Whether the trial court committed an abuse of discretion in imposing an aggregate sentence which was clearly unreasonable in light of the nature and circumstances of the offense?

10. Whether the trial court erred in imposing sentence on the offenses of criminal trespass and criminal mischief in that such offenses merged with the burglary?

Brief For Appellant, at 8-9.

In Foss's first argument, he challenges the sufficiency of the evidence against him. When examining a challenge to the sufficiency of evidence, our standard of review is as follows:

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every

element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [trier] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

**Commonwealth v. Hansley**, 24 A.3d 410, 416 (Pa.Super.2011).

We first define the offenses that the Commonwealth charged Foss with committing.

*Theft by unlawful taking* (charged at Nos. 3900-2014 and 3901-2014). "A person is guilty of theft if he unlawfully takes, or exercises unlawful control over, movable property of another with intent to deprive him thereof." 18 Pa.C.S. § 3921(a). "Movable property" is "property the location of which can be changed." 18 Pa.C.S. § 3901. A person who "exercised unlawful control over movable property of another may be convicted ... even though there is no evidence showing that he originally misappropriated the property." **Commonwealth v. Shaffer**, 420 A.2d 722, 726 (Pa.Super.1980).

*Attempted theft by unlawful taking* (charged at No. 3900-2014). An attempt to commit a crime occurs where a person "with intent to commit a specific crime … does any act which constitutes a substantial step toward the commission of that crime." 18 Pa.C.S. § 901(a).

*Burglary* (charged at No. 3901-2014). A person is guilty of burglary "if, with the intent of committing a crime therein, the person … enters a building or occupied structure, or separately secured or occupied portion thereof that is not adapted for overnight accommodations in which at the time of the offense no person is present with intent to commit a crime therein, unless the premises are at the time open to the public or the actor is licensed or privileged to enter." 18 Pa.C.S. § 3502(a)(4). The Commonwealth must establish "that the offender entered the premises, with the contemporaneous intent of committing a crime, at a time when he was not licensed or privileged to enter." ***Commonwealth v. Cooper***, 941 A.2d 655, 667 (Pa.2007).

The Commonwealth may prove burglary through circumstantial evidence, including the possession of recently stolen goods. ***Commonwealth v. Lloyd***, 509 A.2d 868, 870 (Pa.Super.1986). Although "evidence of possession alone is not sufficient to prove burglary," possession of recently stolen property is relevant in determining who stole it. ***Commonwealth v. Simmons***, 336 A.2d 624, 631 (Pa.Super.1975). A court will look at the following factors when determining the proper inference

to draw from possession of recently stolen goods: "the lapse of time between the crime and the discovery of the property; the type and kind of property; the amount and volume of the property; and the ease in which it may be assimilated into trade channels." *Id*. (citing **Commonwealth v. Dale**, 335 A.2d 454, 458 (Pa.Super.1975)).

*Receiving stolen property* (charged at Nos. 3900-2014 and 3901-2014). A person is guilty of receiving stolen property "if he intentionally receives, retains, or disposes of movable property of another knowing that it has been stolen, or believing that it has probably been stolen, unless the property is received, retained, or disposed with intent to restore it to the owner." 18 Pa.C.S. § 3925(a). "Movable property" is defined as "property the location of which can be changed." 18 Pa.C.S. § 3901. "Based upon this definition [of receiving stolen property,] th[e Superior Court] has identified the elements of the crime ... to be: (1) intentionally acquiring possession of the movable property of another; (2) with knowledge or belief that it was probably stolen; and (3) the intent to deprive permanently." **Commonwealth v. Robinson**, 128 A.3d 261, 265 (Pa.Super.2015).

*Possession of an instrument of crime* (charged at Nos. 3901-2014). A person commits possession of an instrument of crime "if he possesses any instrument of crime with intent to employ it criminally." 18 Pa.C.S. § 907(a). An "instrument of crime" is defined as, *inter alia*, "[a]nything used

for criminal purposes and possessed by the actor under circumstances not manifestly appropriate for lawful uses it may have." 18 Pa.C.S. § 907(d)(2).

*Criminal trespass* (charged at Nos. 3901-2014). A person is guilty of criminal trespass "if, knowing that he is not licensed or privileged to do so, he … breaks into any building or occupied structure or separately secured or occupied portion thereof." 18 Pa.C.S. § 3503(a)(1)(ii). "Breaks into" means gaining "entry by force, breaking, intimidation, unauthorized opening or locks, or through an opening not designed for human access." 18 Pa.C.S. § 3503(a)(3). A person "is guilty of criminal mischief if he … intentionally damages real or personal property of another." 18 Pa.C.S. § 3304(a)(5).

The following evidence was adduced during trial. The Commonwealth demonstrated that during prison intake, officials procured a cell phone from Foss's possessions nicknamed "Cliff's iPhone" and backed up to a computer named "Cliff's HP". Through phone records, the Commonwealth proved that this cell phone was in the area of both the pharmacy burglary and the commercial establishment, Backwoods Outdoor Recreation, at the time of each incident.

The Commonwealth presented a video of the pharmacy burglary depicting three males, one with a similar height, build, and hairstyle to Foss, breaking down the back door and entering the pharmacy after hours.

Police officers recovered one of the stolen ATV's in a garage rented by Foss and recovered the key to the ATV in Foss's hotel room. Foss's DNA was

present on a water bottle that was recovered from a storage compartment within one of the stolen ATVs.

The jury also observed an impression of a distinctive Nike shoe print found outside Backwoods Outdoor Recreation and a photograph of the bottom of Foss's Nike sneakers displaying a similar tread pattern.

Foss testified on his own behalf. Although he denied committing any offense, he admitted that he came into contact with one of the stolen ATV's; that he knew how to hotwire an ATV; and that he drank out of a water bottle while near the ATV.

Viewed in the light most favorable to the Commonwealth, this circumstantial evidence collectively furnishes sufficient evidence to sustain every element of the charged offenses beyond a reasonable doubt. The evidence shows that Foss participated in the theft of the ATV's from Backwoods Outdoor Recreation, stored one of the stolen ATV's in a garage that he rented, and held the key to the stolen ATV in his hotel room. The evidence further demonstrates that several days after stealing the ATV's, Foss broke into the pharmacy along with other individuals and stole prescription medication.

In his second argument on appeal, Foss asserts that the trial court erred in granting the Commonwealth's motion to join the informations at Nos. 3900-2014 and 3901-2014 for trial. We disagree.

"Whether to join or sever offenses for trial is within the trial court's discretion and will not be reversed on appeal absent a manifest abuse thereof, or prejudice and clear injustice to the defendant." *Commonwealth v. Wholaver*, 989 A.2d 883, 888 (Pa.2010). The Rules of Criminal Procedure provide in relevant part: "Offenses charged in separate indictments or informations may be tried together if … the evidence of each of the offenses would be admissible in a separate trial for the other and is capable of separation by the jury so that there is no danger of confusion …" Pa.R.Crim.P. 582(A)(1)(a). Thus, "distinct offenses that do not arise out of the same act or transaction may be tried together if the evidence of each offense would be admissible in a separate trial for the other and is capable of separation by the jury so that there is no danger of confusion." *Commonwealth v. Cousar*, 928 A.2d 1025, 1037 (Pa.2007). If the trial court finds that the evidence is admissible and the jury can separate the charges, it must then consider whether consolidation would unduly prejudice the defendant. *Commonwealth v. Thomas*, 879 A.2d 246, 260 (Pa.Super.2005).

The trial court acted within its discretion by ordering joinder of the informations against Foss. The Commonwealth tied the events in both informations together by demonstrating that the purpose of stealing the ATV's (the subject of the information in No. 3900-2014) was to use them as escape vehicles in the pharmacy burglary (the subject of the information at

No. 3901-2014). Evidence of the theft of the ATV's would have been admissible in a separate trial concerning the pharmacy burglary as evidence of preparation and plan. Pa.R.E. 404(b)(2). Evidence of the pharmacy burglary would have been admissible in a separate trial concerning the ATV theft to show evidence of motive. *Id*. Joinder of the informations did not prejudice Foss. The jury was capable of separating the crimes so that there was no risk of confusion, because the crimes took place at different locations on different days, and different kinds of items were stolen.

In his third argument on appeal, Foss claims that the trial court improperly granted the Commonwealth's pretrial motion to amend the criminal information at No. 3901-2014 to add one count of burglary as a felony of the first degree. Foss claims the amendment was not proper because it was done too close to trial, it added new facts, and it changed the description of the charge.

The Rules of Criminal Procedure permit amendment of an information "when there is a defect in form, the description of the offense(s), the description of any person or any property, or the date charged, provided the information as amended does not charge an additional or different offense." Pa.R.Crim.P. 564. The purpose of this rule is to "ensure that a defendant is fully apprised of the charges, and to avoid prejudice by prohibiting the last minute addition of alleged criminal acts of which the defendant is uninformed." *Commonwealth v. Hoke*, 928 A.2d 300, 303

(Pa.Super.2007). "If there is no showing of prejudice, amendment of an information to add an additional charge is proper even on the day of trial." *Commonwealth v. Roser*, 914 A.2d 447, 455 (Pa.Super.2006) (allowing amendment just prior to closing arguments). The test to be applied is

> [w]hether the crimes specified in the original indictment or information involve the same basic elements and evolved out of the same factual situation as the crimes specified in the amended indictment or information. If so, then the defendant is deemed to have been placed on notice regarding his alleged criminal conduct. If, however, the amended provision alleges a different set of events, or defenses to the amended crime are materially different from the elements or defenses to the crime originally charged, such that the defendant would be prejudiced by the change, then the amendment is not permitted.

*Commonwealth v. Bricker*, 882 A.2d 1008, 1019 (Pa.Super.2005). Relief is necessary only when the amendment prejudices the defendant. *Roser*, 914 A.2d at 454. To evaluate prejudice, the court should consider whether the amendment changes the factual scenario; whether new facts, previously unknown to the appellant, were added; whether the description of the charges changed; whether the amendment necessitated a change in defense strategy; and whether the timing of the request for the amendment allowed for ample notice and preparation by appellant. *Id*.

The trial court acted within its discretion by permitting the Commonwealth to amend the information at No. 3901-2014. The court granted the amendment over one month before trial, giving Foss sufficient notice and sufficient time to prepare. The amended information did not add new facts previously unknown to Foss or change the factual scenario. The

original information included a count of second degree burglary; the amended information merely added another count of first degree burglary. This amendment was proper because the burglary statute provides that the offense is a first degree felony where the actor's intent is to commit a theft of controlled substances. 18 Pa.C.S. § 3502(c)(2)(ii). The evidence indicated that Foss had precisely this intent. The amendment did not change Foss's defense strategy, because both before and after the amendment, he contended that he did not commit the charged offenses. For these reasons, the amendment did not prejudice Foss. *Roser*, 914 A.2d at 453-55 (information charging driving under the influence ("DUI") of alcohol could be amended just prior to closing argument, without prejudice to defendant, to add DUI charges under two other subsections prohibiting driving under the influence of drugs or a combination of alcohol and drugs, even if amendment might have resulted in a more severe penalty, where amendment did not change the factual scenario insofar as defendant drove vehicle while highly intoxicated, and amendment was prompted by defendant's own inculpatory testimony that he ingested gasoline and bug and tar remover before driving).

In his fourth claim on appeal, Foss argues that the trial court erred in denying his motion to suppress DNA evidence obtained as a result of the search warrant to obtain his buccal swab. We disagree.

Our standard of review in addressing a challenge to the denial of a suppression motion is limited to determining

> whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the suppression court's factual findings are supported by the record, we are bound by these findings and may reverse only if the court's legal conclusions are erroneous. Where ... the appeal of the determination of the suppression court turns on allegations of legal error, the suppression court's legal conclusions are not binding on an appellate court, whose duty it is to determine if the suppression court properly applied the law to the facts. Thus, the conclusions of law of the court[] below are subject to our plenary review.

*Commonwealth v. Jones,* 988 A.2d 649, 654 (Pa.2010).

The Fourth Amendment and Article I, Section 8 of the Pennsylvania Constitution each require that search warrants be supported by probable cause. *Commonwealth v. Edmunds,* 586 A.2d 887, 899 (Pa.1991). "Probable cause exists where the facts and circumstances within the affiant's knowledge and of which he has reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution in the belief that a search should be conducted." *Commonwealth v. Thomas,* 292 A.2d 352, 357 (Pa.1972).

In *Illinois v. Gates,* 462 U.S. 213 (1983), the United States Supreme Court established the "totality of the circumstances" test for determining whether a request for a search warrant under the Fourth Amendment is

supported by probable cause. Three years after **Gates**, our Supreme Court adopted the totality of the circumstances test for purposes of making and reviewing probable cause determinations under Article I, Section 8. **Commonwealth v. Gray**, 503 A.2d 921 (Pa.1986). **Gray** described this test as follows:

> [T]he task of an issuing authority is simply to make a practical, common-sense decision whether, given all of the circumstances set forth in the affidavit before him, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.... It is the duty of a court reviewing an issuing authority's probable cause determination to ensure that the magistrate had a substantial basis for concluding that probable cause existed. In so doing, the reviewing court must accord deference to the issuing authority's probable cause determination, and must view the information offered to establish probable cause in a common-sense, non-technical manner.
>
> * * *
>
> [Further,] a reviewing court [is] not to conduct a *de novo* review of the issuing authority's probable cause determination, but [is] simply to determine whether or not there is substantial evidence in the record supporting the decision to issue the warrant.

**Commonwealth v. Torres**, 764 A.2d 532, 537–38, 540 (Pa.2001). "A grudging or negative attitude by reviewing courts towards warrants … is inconsistent with the Fourth Amendment's strong preference for searches conducted pursuant to a warrant; courts should not invalidate warrants by interpreting affidavits in a hypertechnical, rather than a commonsense, manner." **Gates**, 462 U.S. at 236; **see also United States v. Leon**, 468 U.S. 897, 914 (1984) ("reasonable minds frequently may differ on the

question whether a particular affidavit establishes probable cause, and we have thus concluded that the preference for warrants is most appropriately effectuated by according 'great deference' to a magistrate's determination").

Here, the Commonwealth furnished probable cause in its search warrant application to issue a warrant for Foss's DNA. The affidavit of probable cause, authored by a detective with over twenty years' experience, asserted multiple factors linking Foss to the burglaries of the ATV's and prescription medications. For example, the affidavit stated: (1) police recovered one of the stolen ATV's in a garage that Foss rented and recovered the key to the stolen ATV inside Foss's hotel room; (2) Foss had been seen unloading this ATV from a truck with a friend; (3) while Foss was in custody, the detective observed Foss wearing a pair of Nike sneakers with a tread pattern that matched the distinctive tread pattern observed in a footprint at the scene of the ATV theft; (4) the detective recovered incriminating text messages on Foss's cellphone linking him to both burglaries and to another suspect the police were investigating for the same crimes; (5) an empty water bottle was found in one of the stolen ATV's, and (6) police needed a buccal swab of Foss's DNA for comparison with the DNA recovered from the water bottle. These factors created probable cause to obtain Foss's buccal swab. *See Commonwealth v. Rompilla*, 653 A.2d 626, 632 (Pa.1995) (probable cause supported search warrant based on detective's averments that defendant was seen at location of crime and his

sneaker tread matched footprint found at crime scene); *Commonwealth v. Cason*, 476 A.2d 1353, 1355-56 (Pa.Super.1984) (probable cause existed to support search of defendant's home where shoe pattern found at scene of burglary matched footprints leading to defendant's residence).

Foss's fifth through eighth arguments on appeal challenge the admission of various pieces of evidence. Our standard of review for such challenges

> is one of deference. It is firmly established [that] questions concerning the admissibility of evidence lie within the sound discretion of the trial court, and [a reviewing court] will not reverse the court's decision on such a question absent a clear abuse of discretion. An abuse of discretion requires: not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will.

*Commonwealth v. Baker*, 963 A.2d 495, 504 (Pa.Super.2008).

In his fifth argument on appeal, Foss contends that the trial court erred in admitting text messages during trial, because the messages were not properly authenticated and therefore were inadmissible hearsay. We conclude that the Commonwealth properly authenticated the text messages as having been authored by Foss, and that they were admissible under the hearsay exception for statements by a party opponent.

"To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Pa.R.E. 901(a).

"Text messages are documents and subject to the same requirements for authenticity as non–electronic documents generally." ***Commonwealth v. Koch***, 39 A.3d 996, 1004 (Pa.Super.2011). Like any other documents, text messages may be authenticated through direct proof or circumstantial evidence. ***Id***. The party seeking admission must introduce evidence that corroborates the identity of the author of the text messages. ***Id***. at 1005. While text messages can be linked to a certain cell phone, "cellular phones are not always exclusively used by the person to whom the phone number is assigned." ***Id***. Therefore, mere ownership of a cell phone is not sufficient to prove the author of particular text messages. ***Commonwealth v. Mosley***, 114 A.3d 1072, 1081-82 (Pa.Super.2015) (authentication of text message requires "more than mere confirmation that the number or address belonged to a particular person"). A party seeking to admit text messages must also present evidence "which tends to corroborate the identity of the sender." ***Id***.

Here, the Commonwealth presented sufficient circumstantial evidence to authenticate Foss as the author of the text messages. Prison officials obtained the cell phone from Foss while processing him at the prison. The phone was named "Cliff's iPhone" and was backed up to a computer with the name of "Cliff's HP." The content of several messages indicates that Foss authored them. Several texts refer to an individual named Bill. Foss testified that he knew someone named Bill and saw Bill with the ATV's when

Foss hotwired one of them. Further, one text message referred to a back injury, and Foss testified that a doctor was treating him for back problems.

Nor were the text messages inadmissible hearsay. Hearsay is an out-of-court statement that is offered for the truth of the matter asserted. Pa.R.E. 801(c). Although hearsay generally is inadmissible, Pa.R.E. 802, there are numerous exceptions to this rule. In this case, once the text messages were properly authenticated, they were admissible under Pa.R.E. 803(25)(A), the exception permitting admission of statements by the opposing party which are offered against that party. Because the Commonwealth properly authenticated the text messages as Foss's statements, they became admissible under Rule 803(25)(A). *See Commonwealth v. Edwards*, 903 A.2d 1139, 1157-58 (Pa.2006) (defendant's statement admissible under the party opponent exception to hearsay rule); *Commonwealth v. Barnes*, 871 A.2d 812, 818 (Pa.Super.2005) (affirming admission of letters written by defendant under party opponent exception).

In his sixth argument on appeal, Foss claims the trial court erred in admitting evidence concerning the cell phone's location in relation to cell towers with which the phone connected at pertinent times on the dates of the crimes. Much like his fifth argument, Foss claims this evidence was improper because the cell phone was not sufficiently connected to him.

The same evidence offered to prove authentication of text messages on Foss's cell phone supports the trial court's decision to admit evidence of cell phone tower location – specifically, prison officials obtained the cell phone from Foss during prison intake; the cell phone was nicknamed with Foss's own name, and it was backed up to a computer that was also named after Foss.

Moreover, the trial court properly restricted the testimony to the phone number identified in the phone records and the locations of the calls. The court prohibited Commonwealth witnesses from identifying the owner of the cell phone. N.T., 6/2/15, at 159-60, 169 ("instead of [the witness] saying the phone of Clifford Foss … she would be testifying that the phone with a number of (570) 445-1113 made the following calls at the following times, received the following calls at the following times, and was located in this particular location"). The first witness who testified about the cell phone tower locations provided mainly general information about cell phone records and cell phone towers. *Id*. at 57-64, 86-89. The second witness provided specific information but linked the locations only to the phone number identified in the records, not to Foss. *Id*. at 154-74. We conclude that the admission of this evidence was within the court's discretion.

In his seventh argument on appeal, Foss claims that the trial court erred in admitting text messages under Pa.R.E. 404(b) that Foss claimed referred to other crimes. Foss claims that he received no notice prior to trial

of this "other acts" evidence and insists that the Commonwealth introduced the messages only as evidence of his bad character.

We reject this argument because the messages related to the crimes with which Foss was charged. There was no evidence relating to *uncharged* misconduct, the subject of Pa.R.E. 404(b). Foss's text messages included references to making a game plan for the night of the ATV burglary, locations near the ATV dealership, and splitting the proceeds three ways following the burglary. N.T., 6/2/15, at 227, 236-37, 242. Because this evidence referred to the charges against Foss instead of uncharged misconduct, Foss's argument related to notice and prejudice under Rule 404(b) is misplaced.

In his eighth claim on appeal, Foss claims that the DNA sample taken from the water bottle, which was then matched to Foss, was unreliable, because even though the police observed a water bottle when they recovered the stolen ATV three days after its theft from Backwoods Outdoor Recreation, they did not collect the bottle at that time. Instead, the police collected the water bottle approximately one month after returning the ATV to the ATV dealership.

This Court has explained:

> While the Commonwealth bears the burden of demonstrating some reasonable connection between the proffered exhibits and the true evidence, it need not establish the sanctity of its exhibits beyond a moral certainty. The Commonwealth need not produce every individual who came into contact with an item of evidence, nor must it eliminate every hypothetical possibility of

tampering. A complete chain of custody is not required so long as the Commonwealth's evidence, direct and circumstantial, establishes a reasonable inference that the identity and condition of the exhibits have remained the same from the time they were first received until the time of trial.

*Commonwealth v. Cugnini*, 452 A.2d 1064, 1065 (Pa.Super.1982). Any gaps in the chain of custody go to the weight of the evidence, not its admissibility. *Commonwealth v. Copenhefer*, 719 A.2d 242, 256 (Pa.1998).

Here, the Commonwealth introduced evidence relating to the initial discovery of the water bottle by the police at the time they recovered the stolen ATV. An employee of the ATV dealership discovered the water bottle after the police returned the ATV, and he contacted police. N.T., 6/2/15, at 195-96; N.T., 6/1/15, at 74-75. The Commonwealth also introduced evidence establishing the chain of custody of the water bottle between the time police collected it and its introduction at trial. See N.T., 6/2/15, at 196-97; N.T., 6/3/15, at 71-72, 90-91, 96. Thus, there was sufficient evidence presented for the jury to infer that the water bottle was the bottle that the police observed when they recovered the stolen ATV. Finally, Foss testified that he drank out of this water bottle. N.T., 6/3/15, at 157. Any gaps in the chain of custody, which the defense was free to challenge on cross-examination, go to the weight to be given to the evidence, not its admissibility. *Commonwealth v. Welshans*, 580 A.2d 379, 381-82

(Pa.Super.1990) (affirming admission of BAC test results despite chain of custody objection).

In Foss's ninth claim, he argues that the trial court abused its discretion in sentencing him because it failed to consider statutory factors, the aggregate sentence was unreasonable, the court failed to provide adequate reasons for its sentence, and the court improperly considered several factors at the time of sentencing.

There is no absolute right of appeal to challenge the discretionary aspects of sentence. *Commonwealth v. Hornaman*, 920 A.2d 1282, 1284 (Pa.Super.2007). Before we can address a discretionary challenge, we must determine: (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect under Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code. *Commonwealth v. Swope*, 123 A.3d 333, 337 (Pa.Super.2015).

Here, Foss filed a timely notice of appeal on March 29, 2016, properly preserved his discretionary aspects of sentencing claim in his post-sentence motion, and included the requisite Rule 2119(f) statement in his brief. Further, his issue concerning a disproportionate sentence and the trial court's consideration of improper factors raises a substantial question.

***Commonwealth v. Mouzon***, 812 A.2d 617, 627 (Pa.2002); ***Commonwealth v. Simpson***, 829 A.2d 334, 338 (Pa.Super.2003) ("this Court has held that a claim that the sentence is excessive because the trial court relied on impermissible factors raises a substantial question").

Our standard for reviewing a claim challenging a discretionary aspect of sentencing is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Shugars***, 895 A.2d 1270, 1275 (Pa.Super.2006). A sentencing court has broad discretion in deciding the proper sentence, following a careful consideration of the individual circumstances of the case in light of statutory factors. ***Commonwealth v. Walls***, 926 A.2d 957, 962-63 (Pa.2007). Where the sentencing court reviews a pre-sentence investigation report ("PSI"), "the presumption arises that the sentencing court was aware of and weighed all relevant information contained therein along with any mitigating sentencing factors." ***Commonwealth v. Marts***, 889 A.2d 608, 615 (Pa.Super.2005).

In this case, the trial court ordered a PSI and stated on the record that it had reviewed the PSI. The court accepted several corrections to the PSI. It also heard argument from counsel for both parties and a statement from

Foss. Prior to imposing sentence, the court explained that Foss carried out a sophisticated crime, and that his offenses in this case were consistent with his prior record, which contained numerous burglary and theft convictions. The trial court also noted the seriousness of these offenses and the need to protect the community. In its Pa.R.A.P. 1925(a) opinion, the trial court explained that in determining the appropriate sentence, it considered all information in the PSI, including Foss's educational background, employment history, personal history, and prior record. Based on this information, the court imposed standard range sentences within the Sentencing Guidelines. The court also stated that Foss's history made clear that prior state prison sentences had not deterred him from committing crimes, and it was concerned with protecting the community from his criminal behavior. We conclude that Foss's sentence was a proper exercise of the court's discretion.

We do not accept Foss's claim that the trial court gave improper weight to his prior record and his assertion of innocence during sentencing. The court specifically stated that it did not consider Foss's claim of innocence during the sentencing hearing or rely on that statement to enhance his sentence in any way. Trial Court Opinion, at 19. With regard to the defendant's prior record, we have explained that "[i]t is impermissible for a court to consider factors already included within the sentencing guidelines as the sole reason for increasing or decreasing a sentence to the aggravated or mitigated range." *Simpson*, 829 A.2d at 339. However, courts are

permitted to use factors already accounted for in the guidelines, such as a defendant's prior record, if "they are used to supplement other extraneous sentencing information." *Id*. Here, the trial court did not rely solely on Foss's prior record in sentencing him, and in any event, his sentences were within the standard range. Thus, the trial court acted within its discretion in considering Foss's criminal history when imposing sentence. *Id*. (trial court did not abuse its discretion in considering defendant's prior record in imposing sentence where it also considered impact on victim, threat to community, fact that defendant was on probation at time of offense, and his lack of successful rehabilitation); *Shugars*, 895 A.2d at 1275 (no abuse of discretion where trial court considered defendant's prior record along with other factors in imposing sentence).

In his tenth issue on appeal, Foss argues that his sentence is illegal because his sentences for criminal trespass and criminal mischief merged with his sentence for first degree burglary.[4] This argument lacks merit.

"Whether Appellant's convictions merge for sentencing is a question implicating the legality of Appellant's sentence." *Commonwealth v. Baldwin*, 985 A.2d 830, 833 (Pa. 2009). We have explained:

> The issue of whether a sentence is illegal is a question of law; therefore, our task is to determine whether the trial court erred as a matter of law and, in doing so, our scope of review is

---

[4] The trial court determined that Foss's sentence for second degree burglary merged with his sentence for first degree burglary.

plenary. Additionally, the trial court's application of a statute is a question of law that compels plenary review to determine whether the court committed an error of law.

***Commonwealth v. Williams***, 871 A.2d 254, 262 (Pa.Super.2005). Section 9765 of the Judicial Code, which governs the merger of sentences, provides:

> No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

42 Pa.C.S. § 9765. In interpreting Section 9765, our Supreme Court has mandated that courts apply an elements–based test when determining questions of merger at the time of sentencing: "A plain language interpretation of Section 9765 reveals the General Assembly's intent to preclude the courts of this Commonwealth from merging sentences for two offenses that are based on a single criminal act unless all of the statutory elements of one of the offenses are included in the statutory elements of the other." ***Baldwin***, 985 A.2d at 837. The Superior Court has explained:

> The threshold question is whether Appellant committed one solitary criminal act. The answer to this question does not turn on whether there was a 'break in the chain' of criminal activity. Rather, the answer turns on whether 'the actor commits multiple criminal acts beyond that which is necessary to establish the bare elements of the additional crime[.]' If so, then the defendant has committed more than one criminal act. This focus is designed to prevent defendants from receiving a 'volume discount on crime.'

***Commonwealth v. Orie***, 88 A.3d 983, 1020 (Pa.Super.2014).

Foss complains that his sentences for criminal trespass and criminal mischief merge with his burglary sentence. With respect to merger of criminal trespass and burglary, we have explained:

> Examining the elements of criminal trespass, a conviction for that offense requires a person: (1) to break or enter into with subterfuge any building or occupied structure; (2) knowing he is not licensed or privileged to do so. *See* 18 Pa.C.S.[] § 3503(a)(1). On the other hand, to commit burglary, a person must: (1) enter a building or occupied structure; (2) with intent to commit a crime therein. *See* 18 Pa.C.S.[] § 3502(a). The plain language of the respective statutes demonstrates why they do not merge. Criminal trespass contains an element of knowledge - a person committing that offense must know he is not privileged to enter the premises. Burglary has no such knowledge requirement. Burglary does, however, require intent to commit a crime within the premises, an element that criminal trespass lacks. As each offense requires proof of an element the other does not, the sentences should not merge.

*Commonwealth v. Quintua*, 56 A.3d 399, 402 (Pa.Super.2012).[5] Based on this analysis, it was correct not to merge Foss's sentences for criminal trespass and burglary.

Similarly, it was proper not to merge Foss's convictions for criminal mischief and burglary. As defined above, burglary requires entry into a building or occupied structure and an intent to commit a crime therein. To commit criminal mischief, a person must intentionally damage property of another. 18 Pa.C.S. § 3304(a)(5). Each of these statutes contains an element the other does not. Burglary requires entry into a building or

---

[5] Although we decided this case under prior versions of the relevant statutes, the analysis remains applicable today.

occupied structure, whereas criminal mischief does not. Criminal mischief requires damage to property, which burglary does not. "Since both crimes require proof of at least one element that the other does not, then the sentences do not merge." *Commonwealth v. Johnson*, 874 A.2d 66, 70 (Pa.Super.2005).

Finally, the Commonwealth argues in its appellate brief that Foss's sentence is illegal due to the imposition of a RRRI minimum sentence. We have jurisdiction to review the legality of Foss's sentence *sua sponte. Commonwealth v. Wolfe*, 106 A.3d 800, 801 (Pa. Super. 2014) (challenge to legality of sentence can never be waived and may be raised by this Court *sua sponte*).

The RRRI Act "seeks to create a program that ensures appropriate punishment for persons who commit crimes, encourages inmate participation in evidence-based programs that reduce the risks of future crime and ensures the openness and accountability of the criminal justice process while ensuring fairness to crime victims." 61 Pa.C.S. § 4502. As part of achieving that aim, the RRRI Act requires the trial court to determine at the time of sentencing whether the defendant is an "eligible offender." 61 Pa.C.S. § 4505(a). If the court finds the defendant to be an eligible offender, or if the prosecuting attorney waives the eligibility requirements under section 4505(b), the trial court must calculate minimum and maximum sentences, and then impose the RRRI minimum sentence, which "shall be equal to

three-fourths of the minimum sentence imposed when the minimum sentence is three years or less," or "shall be equal to five-sixths of the minimum sentence if the minimum sentence is greater than three years." 61 Pa.C.S. § 4505(c). If an eligible offender "successfully completes the program plan, maintains a good conduct record and continues to remain an eligible offender," he or she may "be paroled on the RRRI minimum sentence date unless the Board determines that parole would present an unreasonable risk to public safety or that other specified conditions have not been satisfied." 37 Pa. Code § 96.1(b).

To become eligible for a RRRI minimum sentence, the RRRI Act provides that a defendant must satisfy each of the following requirements, the first of which is presently at issue in the case at bar. Specifically, a defendant must establish that he:

(1) **Does not demonstrate a history of present or past violent behavior**.

(2) Has not been subject to a sentence the calculation of which includes an enhancement for the use of a deadly weapon as defined under law or the sentencing guidelines promulgated by the Pennsylvania Commission on Sentencing or the attorney for the Commonwealth has not demonstrated that the defendant has been found guilty of or was convicted of an offense involving a deadly weapon or offense under 18 Pa.C.S. Ch. 61 (relating to firearms and other dangerous articles) or the equivalent offense under the laws of the United States or one of its territories or possessions, another state, the District of Columbia, the Commonwealth of Puerto Rico or a foreign nation.

(3) Has not been found guilty of or previously convicted of or adjudicated delinquent for or an attempt or conspiracy to commit a personal injury crime as defined under section 103 of the act

of November 24, 1998 (P.L. 882, No. 111) [18 P.S. § 11.103], known as the Crime Victims Act, except for an offense under 18 Pa.C.S. § 2701 (relating to simple assault) when the offense is a misdemeanor of the third degree, or an equivalent offense under the laws of the United States or one of its territories or possessions, another state, the District of Columbia, the Commonwealth of Puerto Rico or a foreign nation.

(4) Has not been found guilty or previously convicted or adjudicated delinquent for violating any of the following provisions or an equivalent offense under the laws of the United States or one of its territories or possessions, another state, the District of Columbia, the Commonwealth of Puerto Rico or a foreign nation:

> 18 Pa.C.S. § 4302(a) (relating to incest).
> 18 Pa.C.S. § 5901 (relating to open lewdness).
> 18 Pa.C.S. Ch. 76 Subch. C (relating to Internet child pornography).
> Received a criminal sentence pursuant to 42 Pa.C.S. § 9712.1 (relating to sentences for certain drug offenses committed with firearms).
> Any offense for which registration is required under 42 Pa.C.S. Ch. 97 Subch. H (relating to registration of sexual offenders).

(5) Is not awaiting trial or sentencing for additional criminal charges, if a conviction or sentence on the additional charges would cause the defendant to become ineligible under this definition.

(6) Has not been found guilty or previously convicted of violating section 13(a)(14), (30) or (37) of the act of April 14, 1972 (P.L. 233, No. 64), ... known as The Controlled Substance, Drug, Device and Cosmetic Act, where the sentence was imposed pursuant to 18 Pa.C.S. § 7508(a)(1)(iii), (2)(iii), (3)(iii), (4)(iii), (7)(iii) or (8)(iii) (relating to drug trafficking sentencing and penalties).

61 Pa.C.S.A. § 4503 (emphasis added).

Under two recent decisions that interpret "a history of present or past violent behavior," Foss is not eligible for a RRRI sentence. *See*

*Commonwealth v. Chester*, 101 A.3d 56 (2014); *Commonwealth v. Cullen-Doyle*, 133 A.3d 14 (Pa.Super.2016).

In *Chester*, our Supreme Court addressed whether a conviction for first-degree burglary (burglary graded as a first degree felony) demonstrates "violent behavior" under subsection 4503(1) as a matter of law. The defendant in *Chester* entered an open guilty plea in Lancaster County to three counts of first-degree burglary following his arrest for a series of burglaries in Lancaster, Chester, and Delaware Counties. While awaiting sentencing on the Lancaster County charges, the defendant pled guilty in connection with the same episode in Chester County, where he received a RRRI sentence for three counts of burglary. Thereafter, he requested a RRRI sentence in Lancaster County on the ground that his first-degree burglary convictions in Chester County did not constitute a "history of present or past violent behavior" that precluded RRRI treatment under subsection 4503(1). The Lancaster County court denied his motion, and the Superior Court affirmed.

The Supreme Court held that the defendant's history of first-degree burglary convictions in Chester County rendered him ineligible under subsection 4503(1) for RRRI treatment. Although burglary is not in the list of crimes in subsections 4503(2)–(6) that automatically disqualify defendants for RRRI sentences, the Court construed subsection 4503(1) as a broad, "catchall" provision that covers "violent behaviors not otherwise

identified in the RRRI Act's definition of 'eligible offender.'" ***Id***., 101 A.3d at 63. First degree burglary fits well within this catchall category, given the long legal tradition of treating burglary as a crime of violence because of the threat posed to citizens by intrusions into their homes. ***Id***. at 64-65. Significantly, the Court

> decline[d] … to depart from our well established case law -- finding burglaries to be violent by their very nature -- to instead engage in a case-by-case evaluation into whether a particular burglary conviction constitutes 'violent behavior' under Section 4503(1) … [W]e believe a conviction for first-degree burglary, a crime of violence, constitutes violent behavior for purposes of Section 4503(1).

***Id***. at 65. Thus, the defendant's multiple first-degree burglary convictions in Chester County were "more than sufficient to form a 'history' of 'violent behavior' under section 4503(1)." ***Id.***

More recently, in ***Cullen-Doyle***, the defendant sought RRRI treatment after pleading guilty to one count of first-degree burglary. The defendant attempted to distinguish his case from ***Chester*** on the ground that he had only one first-degree burglary conviction. The trial court determined that the defendant was not eligible for RRRI treatment, and this Court affirmed. We reasoned that "any" violent behavior constitutes a "history" of violent behavior under subsection 4503(1), and therefore "a single conviction for first-degree burglary, an admittedly violent act under long-standing Pennsylvania law, is sufficient to establish a present history of violent behavior." ***Id***., 133 A.3d at 21.

In the present case, Foss has been convicted of one count of first degree burglary. This conviction precluded the court from imposing a RRRI minimum sentence, and we reverse this term of sentence. Fortunately, it is not necessary to remand for resentencing, because reversal of the RRRI term of sentence will not upset the remainder of the court's sentencing scheme. *Compare Commonwealth v. Goldhammer*, 517 A.2d 1280, 1283–84 (Pa.1986); *Commonwealth v. Williams*, 871 A.2d 254, 266 (Pa.Super.2005) (if trial court errs in its sentence on one count in multi-count case, all sentences for all counts will be vacated so court can restructure its entire sentencing scheme).

Appellant's convictions affirmed; Appellant's sentence of 89-300 months' imprisonment affirmed; Appellant's RRRI minimum sentence of 74 months and 5 days reversed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/16/2016